UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JASON HUCKER,
CDCR # P-73941

                                    Plaintiff,

        vs.

J. HILL, Warden, et al.,

                                    Defendants.

Case No.: 25-cv-02533-RBM-BLM

**ORDER:**

**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. 2];**

**(3) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEES; AND**

**(4) DENYING MOTION FOR APPOINTMENT OF COUNSEL AS MOOT [Doc. 3]**

Plaintiff Jason Hucker, a state prisoner proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 along with a Motion to Proceed In Forma Pauperis ("IFP Application") and a Motion for Appointment of Counsel. (Docs. 1–3.)

## I.    MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

1

$405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1)&(4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1)–(2); *Bruce*, 577 U.S. at 84.

Plaintiff's IFP Application does not include a trust fund account statement. (*See* Doc. 2.) The Court cannot grant his IFP Application without a trust fund account statement containing financial information for the 6-month period immediately preceding the filing of his Complaint. *See Andrews*, 398 F.3d at 1119 ("prisoners must demonstrate that they are not able to pay the filing fee with an affidavit and submission of their prison trust account records.") (citing 28 U.S.C. § 1915(a)(1)–(2)).

The IFP Application (Doc. 2) is **DENIED.** This action is **DISMISSED** without prejudice based on Plaintiff's failure to pay the filing fee or to submit a properly supported motion to proceed IFP pursuant to 28 U.S.C. §§ 1914(a) & 1915(a), and Plaintiff's Motion for Appointment of Counsel (Doc. 3) is **DENIED as moot**.

///

///

25-cv-02533-RBM-BLM

## II.    MOTION FOR APPOINTMENT OF COUNSEL

Since the Court must dismiss the action, Plaintiff's motion for appointment of counsel (Doc. 4) is **DENIED** as moot, without prejudice to Plaintiff making a renewed request should the case be reopened and should he satisfy the criteria for discretionary appointment of counsel in a civil case.

## III.    CONCLUSION AND ORDER

Accordingly, the Court:

(1)    **DENIES** Plaintiff's IFP Application without prejudice (Doc. 2.)

(2)    **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the civil filing and administrative fee or to submit a properly supported motion to proceed IFP pursuant to 28 U.S.C. §§ 1914(a) & 1915(a).

(3)    **DENIES** Plaintiff's Motion for Appointment of Counsel as moot.  (Doc. 3.)

(4)    **GRANTS** Plaintiff until **February 13, 2026** to: (a) prepay the entire $405 civil filing and administrative fee in full; or (b) complete and file a properly supported motion to proceed IFP which includes a certified copy of his prison trust account statement for the 6-month period preceding the filing of his Complaint.  *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2(b).  If Plaintiff fails to either pay the $405 civil filing fee or submit a properly supported motion to proceed IFP by **February 13, 2026**, this action will remain dismissed without prejudice based solely on his failure to satisfy 28 U.S.C. § 1914(a)'s fee requirement and without further Order of the Court.

**IT IS SO ORDERED**

Dated:  January 28, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

25-cv-02533-RBM-BLM